**FILED**
**Oct 22, 2018**
**02:03 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| JACK D. RAMSEY, | ) | Docket No. 2018-04-0155 |
| **Employee,** | ) | |
| v. | ) | State File No. 1329-2018 |
| AVERITT EXPRESS, INC. | ) | |
| **Employer.** | ) | Judge Robert Durham |

## EXPEDITED HEARING ORDER DENYING REQUESTED BENEFITS
## (ON THE RECORD)

This case came before the Court on Mr. Ramsey's Request for Expedited Hearing on the record. Averitt agreed to a record review. On October 8, 2018, the Court sent a Docketing Notice to the parties regarding the contents of the record offered for consideration.[1] The issue is whether Mr. Ramsey is entitled to treatment for his asserted work-related back injury from unauthorized physicians and to temporary disability benefits. The Court holds that he is not likely to establish his entitlement to the requested benefits at this time. However, he is entitled to a panel of orthopedists within his community from which he may select an authorized physician.

### History of Claim

Mr. Ramsey worked as a driver for Averitt for approximately six weeks when he allegedly suffered a low back injury on January 26, 2018, after slipping on ice while strapping down a load in Michigan. He asserted he tried to work through the pain, but upon his return home to Florida, the pain grew so severe that he reported it to his supervisor. Averitt authorized him to visit a walk-in clinic, which ordered an MRI and physical therapy. The MRI report stated Mr. Ramsey suffered from low back pain that radiated down both legs as a result of a hyper-extension/fall. It concluded that he had multi-level degenerative disc disease, with the most significant abnormality at L5-S1

---

[1] After reviewing the record, the Court found that it required additional evidence as to whether Mr. Ramsey chose the authorized physician from a panel and held a brief hearing by telephone to clarify this issue. After the hearing, Averitt submitted a Choice of Physician Form along with an email chain regarding Mr. Ramsey's selection. In addition, Averitt objected to the admissibility of several of the documents submitted by Mr. Ramsey. With the exception of the pre-employment back evaluation, the Court overruled Averitt's objections.

where he suffered from "eburnation inflammatory change associated with degenerative disc disease," as well as mild bilateral foraminal encroachment.

Physical therapy only slightly alleviated Mr. Ramsey's symptoms, so Averitt provided an orthopedic panel. However, they were all located in Orlando, about a hundred miles from Mr. Ramsey's residence. He requested doctors closer to home, and the adjuster substituted Dr. Mark Gillespy in Daytona Beach for one of the Orlando orthopedists. Mr. Ramsey chose Dr. Gillespy but stated he felt "funneled" to him.

Following examination, Dr. Gillespy stated Mr. Ramsey appeared to suffer from a lumbar sprain "superimposed upon pre-existing degenerative changes." He further believed that the sprain was not the "major contributing cause" for necessary treatment. Thus, he concluded Mr. Ramsey's condition was "partially" work-related. Dr. Gillespy placed him at maximum medical improvement (MMI) from his work-related injury and assigned three-percent impairment. He concluded that Mr. Ramsey would not benefit from further treatment of his work-related injury from an "orthopedic surgical standpoint." Finally, he felt that Mr. Ramsey could no longer work as a driver due to pre-existing degenerative changes, although this condition might have been exacerbated by his work injury. He encouraged Mr. Ramsey to speak with a primary care doctor about treating his underlying osteoarthritic/degenerative disc disease.

Afterward, Averitt sent Mr. Ramsey's records to Dr. Toney Hudson, a physiatrist in Cookeville, Tennessee, for his opinion as to whether Mr. Ramsey could return to work as a driver. Dr. Hudson noted that the MRI film actually showed fewer degenerative changes than he would expect due to Mr. Ramsey's age and obesity. However, given that he experienced three back injury events in the short time he worked for Averitt, he would be at high risk for recurrent back injuries. Thus, he agreed with Dr. Gillespy that Mr. Ramsey should not return to commercial truck driving. He also agreed that he was at MMI with three-percent impairment.

Mr. Ramsey sought treatment on his own with Dr. Sonia Millan Pinzon. She diagnosed lumbar radiculopathy vs. piriformis pain and recommended pain management as well as physical therapy.

Mr. Ramsey obtained pain management with Dr. Manuel Lopez-Diez. He diagnosed lumbar radiculopathy, right-sided sciatica and a lumbar disc herniation. Dr. Lopez-Diez ordered a transforaminal steroid injection and pain medication. Mr. Ramsey also underwent several sessions of physical therapy, which he testified greatly alleviated his symptoms.

### Findings of Fact and Conclusions of Law

Mr. Ramsey need not prove every element of his claim by a preponderance of the

evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2018); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

The issues are whether Mr. Ramsey is entitled to additional medical treatment and temporary disability benefits. As to medical benefits, the evidence established that Averitt provided Mr. Ramsey with a panel of orthopedists as required by Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) only after initial conservative care failed. Even then, however, the initial panel did not meet the statute's requirement that the doctors be "in the employee's community." Instead, it consisted entirely of orthopedists in Orlando, about 100 miles from Mr. Ramsey's home. When he specifically asked for doctors closer to home, Averitt substituted Dr. Gillespy from Daytona Beach but kept two orthopedists from Orlando on the panel. Thus, if Mr. Ramsey wished to see a doctor within in his community, as was his statutory right, he had no choice but Dr. Gillespy.

In *Lamm v. E. Miller Constr. Co., Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 83, at *16-18 (Nov. 8, 2016), the Appeals Board addressed the possible consequences of an inadequate panel:

> [Tennessee Code Annotated section 50-6-204] authorizes the employer to choose a panel of three physicians, but the employee is given the privilege to make the final choice of the attending physician from the panel of three. . . . Referring the employee to a single physician does not comply with the statute; it is a usurpation of the privilege of the employee to choose the ultimate treating physician. An employer who would claim the benefits of the statute should, himself, be required to comply with it.

Here, the Court finds that the Orlando orthopedists on the panel did not fall within the requirement of being "in the employee's community" as required by statute. Averitt effectively gave Mr. Ramsey the option of only a single physician, which was a "usurpation" of his privilege to choose his treating doctor. Thus, Averitt is not entitled to the benefits afforded an employer that is in compliance with the statute.

However, the question remains whether Mr. Ramsey is entitled to another panel or reimbursement of expenses and continued care with Drs. Millan Pinzon and Lopez-Diez. Whether an employee is justified in seeking payment for unauthorized medical expenses from an employer depends upon the circumstances. *Hackney v. Integrity Staffing Solutions,* 2016 TN Wrk. Comp. App. Bd. LEXIS 29, at *8-9 (July 22, 2016).

Here, neither Dr. Millan Pinzon nor Dr. Lopez-Diez gave an opinion that their treatment is reasonable and necessary to treat symptoms primarily caused by Mr. Ramsey's work injury. Thus, the Court holds that the circumstances do not justify

3

compelling Averitt to authorize them as his authorized doctors. However, the Court holds that Mr. Ramsey is entitled to a panel of orthopedists in compliance with Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) from which he may choose an authorized physician, and Averitt shall provide it to him.

Finally, as to temporary disability benefits, Mr. Ramsey provided no medical evidence that he is temporarily disabled as a result of his work injury. Thus, his request is denied at this time.

IT IS, THEREFORE, ORDERED that:

1. Averitt shall provide Mr. Ramsey with a panel of orthopedists located within his community from which he can choose an authorized physician. Mr. Ramsey's request for reimbursement of unauthorized expenses and to allow Drs. Millan Pinzon and Lopez-Diez be his authorized physicians, as well as his request for temporary disability benefits, is denied at this time.

2. This matter is set for a Scheduling Hearing on December 3, 2018, at 2:30 p.m. C.S.T. The parties or their counsel must call 615-253-0010 or toll-free at 855-689-9049 to participate in the hearing. Failure to call may result in a determination of the issues without your participation.

3. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED OCTOBER 22, 2018.**

**Robert V. Durham, Judge**
**Court of Workers' Compensation Claims**

**APPENDIX**

4

Technical Record

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Averitt's Response to Request for Expedited Hearing
5. Docketing Notice
6. Mr. Ramsey's Pre-Hearing Statement
7. Averitt's Pre-Hearing Brief and Objections to the Record

Exhibits

1. Mr. Ramsey's affidavit
2. Medical Treatment Reporting Form from U.S. Healthworks
3. MRI Report
4. Dr. Gillespy's records
5. Dr. Millan Pinzon's records
6. Dr. Lopez-Diez's records
7. C-42 Choice of Physician Form with attached e-mail chain

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on October 22, 2018.

| Name | Certified Mail | Via Email | Service sent to: |
|---|---|---|---|
| Jack D. Ramsey | X | X | 1 Morington Lane<br>Flagler Beach, FL 32136<br>Jackramsey910@yahoo.com |
| Elizabeth G. Hart | | X | betsy@swaffordlawfirm.com |

**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**



Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

**Employee** _____

v.

**Employer** _____

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge_____

## Statement of the Issues
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information
**Type of Case** [Check the most appropriate item]

□ Temporary disability benefits

□ Medical benefits for current injury

□ Medical benefits under prior order issued by the Court

## List of Parties
**Appellant (Requesting Party):**_____ At Hearing: □Employer □Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name:_____ SF#:_____ DOI:_____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐Employer ☐Employee

Appellee's Address:_____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant]     _____



**Tennessee Bureau of Workers' Compensation
220 French Landing Drive, I-B
Nashville, TN 37243-1002
800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

_____   Relationship: _____

6. I am employed by: _____

    My employer's address is: _____

    My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $_____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe:_____

11. My debts are:

Amount Owed         To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                           RDA 11082